### HERVEY v. HERVEY.

.(Supreme Court, Special Term, Kings County. January 17, 1905.)

1. MARRIAGE — ANNULMENT — PRIOR EXISTING MARRIAGE — CONSTRUCTION OF STATUTE.

Under Code Civ. Proc. §§ 1743, 1745, authorizing actions for the annulment of a marriage upon the ground that a former husband or wife of one of the parties was living, and that the former marriage was in force, at the time of the second marriage, it is not necessary that the first marriage be in force at the time of the commencement of the action.

2. SAME.

Code Civ. Proc. §§ 1743, 1745, authorizing actions for the annulment of a marriage upon the ground that a former husband or wife of one of the parties was living at the time of the second marriage, have no application to a case where the marriage sought to be annulled was contracted in good faith after the spouse of the party previously married had absented himself for more than five successive years without being known to be alive during that time, and, while living at the time of the second marriage, had died previous to the commencement of the action.

Action for the annulment of a marriage by Hervey against Hervey. Dismissed.

John A. Anderson, for plaintiff.
Peter J. McGoldrick, for defendant.

SMITH, J. I find that this defendant married this plaintiff in good faith after her husband had absented himself for more than five successive years without being known to be alive during this time. He was in fact living, but died in 1896, two years after the second marriage. The second husband did not discover that the first husband was living at the time of the second marriage until some years after his death. After such discovery he commenced this action for the annulment of the second marriage. As far as applicable to this case, the right of either to annul a marriage is conferred and regulated by sections 1743 and 1745 of the Code of Civil Procedure. I do not agree with defendant's attorney in the interpretation of these two sections, that a cause of action is not given to annul the second marriage unless the first marriage is in force at the time of the commencement of the action. The language of the two sections will not bear that construc-

tion; and, besides, if that construction be adopted, it might be impossible in many cases for the court to render judgment annulling a void marriage. The serious question is, does the statute apply at all to a case where the facts are similar to the facts in this case? In my opinion, it does not. The statute authorizes the annulment of a void second marriage if a valid first marriage is in existence at the time of the second marriage. In this case after the second marriage there were for two years two valid marriages in existence. Upon proof of these facts the court may annul the second marriage because it is contrary to public policy that there should be be two valid marriages in existence at the same time. In this case the reasons for the application of the statute and the intervention of the court have been removed by the death of the first husband and the dissolution of the first marriage. There is in existence now one valid marriage. A cause of action once existed for the annulment of the marriage, but it exists no longer. See Griffin v. Banks, 24 How. Prac. 213. The construction of the rights of the parties to this action is in harmony with the purposes of the statute, and in the interest of public morality.

It follows that the complaint of the plaintiff must be dismissed, with costs, and, in pursuance of the stipulation of the parties, I fix the amount of the counsel fee to be allowed to the defendant at $100.